ORIGINAL

# In the United States Court of Federal Claims

No. 13-528C

(Filed: November 25, 2013)

FILED

NOV 2 5 2013

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************
                              *
MYRTLE WATT,                  *
                              *
            Plaintiff,        *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
            Defendant.        *
                              *
*******************************
```

### ORDER OF DISMISSAL

On September 27, 2013, counsel for the Government filed a motion to dismiss *pro se* Plaintiff Myrtle Watt's complaint for lack of subject matter jurisdiction. On October 30, 2013, Ms. Watt filed her response, and on November 18, 2013, the Government filed its reply. In its motion, the Government argues that because Ms. Watt's claim against the Department of Veterans Affairs is for the denial of veterans' benefits, this Court lacks subject matter jurisdiction to adjudicate her case. Def.'s Mot. 3. For the reasons set forth below, the Government's motion to dismiss is granted.

Subject matter jurisdiction is defined as a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). Thus, the existence of subject matter jurisdiction must first be established before a court can consider the merits of a complaint. Id. at 94-95. If a court determines that it lacks such jurisdiction, then it must dismiss the action. Rules of the Court of Federal Claims ("RCFC") 12(h)(3).

The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). This jurisdiction derives from the Tucker Act, 28 U.S.C. § 1491, which both gives this Court "jurisdiction over specified types of claims against the United States" and "constitutes a waiver of sovereign immunity with respect to those claims." United

States v. Mitchell, 463 U.S. 206, 212 (1983). However, "because the Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" Jan's Helicopter Serv. v. F.A.A., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). In other words, this Court would have the authority to consider Ms. Watt's claim only if her claim were based on a law that requires the Government to pay money damages. If the law does not require the payment of such damages, then this Court does not have the power to decide her case.

Ms. Watt's only claim is for her deceased father's unpaid veterans' benefits. See Compl. 1; Pl.'s Resp. 1 (citing 38 U.S.C. § 5121; 38 C.F.R. § 3.152(b)). However, entitlement to veterans' benefits is distinctly different from a claim for money damages. Veterans' benefits are "entitlements [awarded] to a special class of citizens, those who risked harm to serve and defend their country." Barrett v. Nicholson, 466 F.3d 1038, 1044 (Fed. Cir. 2006) (internal quotation marks omitted). Damages, on the other hand, are the sum of money paid by a defendant for its wrongful conduct. See generally Mansfield v. Peake, 525 F.3d 1312 (Fed. Cir. 2008) (discussing the difference between veterans' benefits and money damages). Although the Court of Federal Claims has authority to consider certain suits to recover damages from the Government, it "has repeatedly held that it has no jurisdiction to hear claims for denial of veterans' benefits." Smalls v. United States, 87 Fed. Cl. 300, 306 (2009) (internal quotation marks omitted). Instead, a proper appeal would be made first to the Board of Veterans Appeals, then to the U.S. Court of Appeals for Veterans Claims, and finally to the U.S. Court of Appeals for the Federal Circuit. Id. At no point in this process does the Court of Federal Claims play a role. Id.

Accordingly, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge